**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | Hon. |
| | : | |
| v. | : | Criminal No. 19- |
| | : | |
| ADAM D. ARENA, | : | 18 U.S.C. § 1349 |
| DWAYNE MODELISTE, and | : | 18 U.S.C. § 1344 |
| LARRY L. MCGEE, | : | 18 U.S.C. § 1028A |
| a/k/a "Deshawn Modeliste" | | |

19 MJ04680

**INDICTMENT**

The Grand Jury in and for the District of New Jersey, sitting at Newark, charges:

**COUNT ONE**
**(Conspiracy to Commit Bank Fraud)**

**BACKGROUND**

1. At all times relevant to this Indictment:

    a. Defendant ADAM D. ARENA ("ARENA") was a resident of Phoenix, Arizona.

    b. Defendant DWAYNE MODELISTE ("MODELISTE") was a resident of Las Vegas, Nevada.

    c. Defendant LARRY L. MCGEE ("MCGEE"), a/k/a "Deshawn Modeliste," was a resident of Las Vegas, Nevada.

    d. Synchrony Bank ("Synchrony") was a "financial institution," as that term is defined in Title 18, United States Code, Section 20, offering, among other things, credit cards to customers.

e. Synchrony provided a range of credit products through programs with select retailers, merchants, manufacturers, and healthcare service providers (collectively, "merchants"). Through its approved merchants, Synchrony offered consumers a variety of credit cards to finance the purchase of goods and services from those merchants. For example, Synchrony offered a card that allowed consumers to pay for out-of-pocket medical expenses at healthcare merchants enrolled in Synchrony's CareCredit Network ("CareCredit cards").

f. In order to become a Synchrony-approved merchant, a merchant had to provide documentation of a business and/or medical license and complete a Synchrony merchant application. The application required the merchant to provide bank account information that Synchrony could use to send wire transfers for sales completed at the merchant's place of business that were paid for using a Synchrony credit card. When a Synchrony credit card was used at an approved merchant, Synchrony would deposit the funds for the transaction directly into the merchant's bank account and bill the credit card holder for the transaction.

g. "Victim 1" was a physician who practiced in Miami, Florida.

h. "Victim 2" was a physician who practiced in Atlanta, Georgia.

2

**THE CONSPIRACY**

2.  From in or around 2016 through in or around 2018, in the District of New Jersey and elsewhere, the defendants,

> ADAM D. ARENA,
> DWAYNE MODELISTE, and
> LARRY MCGEE,
> a/k/a "Deshawn Modeliste,"

did knowingly and intentionally conspire and agree with one another and others (collectively, "the Coconspirators") to execute and attempt to execute a scheme and artifice to defraud a financial institution, namely Synchrony, whose deposits were insured by the Federal Deposit Insurance Corporation, and to obtain monies, funds, assets, and other property owned by, and under the custody and control of, that financial institution, by means of materially false and fraudulent pretenses, representations, and promises, contrary to Title 18, United States Code, Section 1344.

**GOAL OF THE CONSPIRACY**

3.  It was the goal of the conspiracy for the Coconspirators to fraudulently obtain credit cards from Synchrony using the personally identifiable information of others, most of whom were incarcerated individuals, and to use those fraudulently-obtained credit cards to enrich themselves and others.

**MANNER AND MEANS OF THE CONSPIRACY**

4.  It was part of the conspiracy that:

    a.  Beginning at least as early as in or around 2017, the Coconspirators submitted fraudulent credit card applications to Synchrony

using the names and personally identifiable information of incarcerated individuals.

  b. The Coconspirators submitted to Synchrony fraudulent merchant applications in the names of both real and fabricated merchants.

  c. The fraudulently-obtained credit cards were used by the Coconspirators to conduct credit card transactions at real and fabricated merchants.

  d. MCGEE provided the names and corresponding Synchrony credit card account numbers of at least two incarcerated individuals to a Coconspirator located in Fort Lee, New Jersey ("Coconspirator-1"). Coconspirator-1 and others then used this information to make multiple fraudulent purchases in or around February 2018 at stores in Bergen County, New Jersey.

  e. The Coconspirators submitted to Synchrony fraudulent applications on behalf of healthcare merchants to enroll them in the CareCredit Network.

  f. ARENA used the name and personally identifiable information of Victim 1 on a fraudulent merchant application without Victim 1's knowledge or consent.

  g. MODELISTE used the name and personally identifiable information of Victim 2 on a fraudulent merchant application without Victim 2's knowledge or consent.

h. On the fraudulent healthcare merchant applications, the Coconspirators listed routing and account information for bank accounts for which one or more of the Coconspirators were either the signatory on the bank account or otherwise had access to the funds in the bank account.

i. Both before and after Synchrony enrolled these healthcare merchants in Synchrony's CareCredit Network, based upon the fraudulent misrepresentations made by the Coconspirators, the Coconspirators began submitting fraudulent CareCredit card applications—primarily in the names of incarcerated individuals—to Synchrony so these purported customers could be approved for CareCredit cards for use at the healthcare merchants within the CareCredit Network. Some of the fraudulent CareCredit card applications were submitted from an Internet Protocol address located in New Jersey.

j. The Coconspirators, purporting to be legitimate merchants in the CareCredit Network, submitted fraudulent transactions using the CareCredit cards for healthcare services that were never actually provided (the "Fraudulent CareCredit Card Transactions"). Synchrony paid for the purported healthcare services by depositing funds into the bank accounts the Coconspirators had provided on the fraudulent CareCredit merchant applications.

k. The purported CareCredit cardholders did not pay Synchrony when they were billed for the Fraudulent CareCredit Card Transactions.

1.  Between in or around March 2017 through in or around December 2018, Synchrony deposited approximately $1.6 million into bank accounts controlled by the Coconspirators. The Coconspirators used those bank accounts, and the funds fraudulently obtained from Synchrony, to pay for their personal expenses.

All in violation of Title 18, United States Code, Section 1349.

## COUNT TWO
**(Bank Fraud)**

1.  The allegations contained in Paragraphs 1, 3 and 4 of Count One of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2.  From in or around 2016 through in or around 2018, in the District of New Jersey and elsewhere, defendants

> ADAM D. ARENA,
> DWAYNE MODELISTE, and
> LARRY MCGEE,
> a/k/a "Deshawn Modeliste,"

knowingly executed, and attempted to execute, a scheme and artifice to defraud a financial institution, namely Synchrony, whose deposits were then insured by the Federal Deposit Insurance Corporation, and to obtain money, funds, credits, assets, securities, and other property owned by, and under the custody and control of such financial institution, by means of materially false and fraudulent pretenses, representations, and promises.

In violation of Title 18, United States Code, Section 1344.

## COUNT THREE
### (Aggravated Identity Theft)

1.  The allegations contained in Paragraphs 1, 3, and 4 of Count One of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2.  On or about the date set forth below, in the District of New Jersey and elsewhere, defendant

ADAM D. ARENA,

during and in relation to the felony violations of 18 U.S.C. §§ 1344 and 1349, as set forth in Counts One and Two of the Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as set forth in the individual count below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 3 | March 7, 2017 | Name, social security number, and medical license number of Victim 1 on a CareCredit Network merchant application for a medical practice located in Miami, Florida |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## COUNT FOUR
### (Aggravated Identity Theft)

1. The allegations contained in Paragraphs 1, 3, and 4 of Count One of this Indictment are hereby repeated, realleged, and incorporated as if fully set forth herein.

2. On or about the date set forth below, in the District of New Jersey and elsewhere, defendant

DWAYNE MODELISTE,

during and in relation to the felony violations of 18 U.S.C. §§ 1344 and 1349, as set forth in Counts One and Two of the Indictment, did knowingly transfer, possess, and use, without lawful authority, a means of identification of another person, as set forth in the individual count below:

| COUNT | APPROXIMATE DATE | MEANS OF IDENTIFICATION |
|---|---|---|
| 4 | June 22, 2018 | Name, social security number, and medical or business license number of Victim 2 on a CareCredit Network merchant application for a medical practice located in Atlanta, Georgia |

In violation of Title 18, United States Code, Section 1028A(a)(1).

## FORFEITURE ALLEGATION

As a result of committing the bank fraud offenses charged in Counts One and Two of this Indictment, the defendants charged in each respective count of the Indictment,

> ADAM D. ARENA,
> DWAYNE MODELISTE, and
> LARRY MCGEE
> a/k/a "Deshawn Modeliste,"

shall forfeit to the United States of America, pursuant to 18 U.S.C. § 982(a)(2), any property constituting or derived from proceeds obtained directly or indirectly as a result of the offense charged in each such count.

### Substitute Assets Provision

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p), as incorporated by 18 U.S.C. § 982(b)(1) and 28 U.S.C. § 2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property.

A TRUE BILL

FOREPERSON

*Craig Carpenito* (signature)
CRAIG CARPENITO
UNITED STATES ATTORNEY

United States District Court
District of New Jersey

UNITED STATES OF AMERICA

v.

ADAM D. ARENA,
DWAYNE MODELISTE, and
LARRY L. MCGEE
a/k/a "Deshawn Modeliste"

INDICTMENT FOR

18 U.S.C. § 1349
18 U.S.C. § 1344
18 U.S.C. § 1028A(a)(1)

A True Bill,

Foreperson

CRAIG CARPENITO
U.S. ATTORNEY
NEWARK, NEW JERSEY

CATHERINE R. MURPHY
ASSISTANT U.S. ATTORNEY
(973) 297-2098